## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

PRE-PAID LEGAL SERVICES, INC.,    )
    )
       Plaintiff,    )
    )
v.    )    Case No.  CIV-12-346-JHP
    )
TODD CAHILL,    )
    )
       Defendant.    )

## PLAINTIFF'S MOTION TO LIFT STAY AND ENTER SCHEDULING ORDER AND BRIEF IN SUPPORT

### MOTION AND INTRODUCTION

Defendant Todd Cahill ("Defendant" or "Cahill") successfully moved this Court to stay this case and compel arbitration. He has now caused the arbitration to terminate by his failure to pay his part of the arbitration fees. During these delays, he has continued to solicit LegalShield associates in violation of the Court's Preliminary Injunction Order and has also failed to preserve evidence as required by the Court and the law.  Therefore, Plaintiff Pre-Paid Legal Services, Inc. d/b/a LegalShield ("LegalShield") moves this Court for an Order lifting the stay, entered by this Court on February 12, 2013, due to Cahill's default in the arbitration proceedings.  Upon vacation of the stay, LegalShield also requests entry of a scheduling order to allow this matter to proceed in this Court.  In support of this Motion, LegalShield states as follows.

### PROCEDURAL BACKGROUND

The following facts are material to this Motion:

1.      LegalShield filed this action in Ponotoc County, Oklahoma on August 14, 2012, asserting claims for breach of contract, misappropriation of trade secrets, and tortious interference with contract or business relations. Petition, Dkt. No. 2. Specifically, LegalShield alleged that since at least August 9, 2012, Defendant had been contacting LegalShield's

independent sales associates ("Associates") for purposes of recruiting them to a new network marketing company called Nerium International ("Nerium"), and had been disparaging LegalShield, its marketing, and its leadership, to aid in that solicitation. *Id.* LegalShield also alleged that Defendant had misappropriated its trade secrets, including confidential and proprietary information regarding its Associates, for the purpose of raiding its sales force in violation of the parties' agreements and Oklahoma law. *Id.* To protect the sales force, LegalShield requested and obtained a temporary restraining order ("TRO") in State Court in Pontotoc County, and a preliminary injunction hearing was set for September 10, 2012.  TRO, Ex. 1.

2.    Before LegalShield's Motion for Preliminary Injunction could be heard in State Court, Defendant removed the case to this Court. *See* Notice of Removal, Dkt. No. 2.

3.    On August 17, 2012, with the TRO set to expire 14 days after removal, and to avoid further irreparable harm, LegalShield filed a Motion for Preliminary Injunction and asked this Court to enjoin Defendant (1) from contacting any person or organization he knows, or suspects, are LegalShield Associates to directly or indirectly solicit or encourage them to join Defendant in a new company; and (2) from using trade secret information of LegalShield for any purpose.  Motion for Preliminary Injunction, Dkt. No. 11.

4.    That same day, LegalShield also filed a Motion for Expedited Discovery, asking this Court, in part, to order Defendant to turn over his electronic devices (iPad, iPhone, computers, etc.) to a neutral third party for imaging and forensic examination in order to determine whether Defendant had downloaded and/or used LegalShield's trade secret information to solicit LegalShield Associates to Nerium. Motion for Expedited Discovery, Dkt. No. 9.

5.    On August 24, 2012, while those motions were pending, and four days before the TRO was set to expire, Defendant filed a Motion to Stay Pending Arbitration, requesting that this proceeding be stayed pending arbitration based on the arbitration clauses in the governing contracts. Motion to Stay Pending Arbitration, Dkt. No. 13.

6.    Based on those contracts, LegalShield did not file an objection to Defendant's demand for arbitration, but pursued its request for the preliminary injunction and emergency discovery or preservation of evidence in this Court, as permitted by law. *See* Response to Motion to Stay Pending Arbitration, Dkt. No. 15; Motion for Preliminary Injunction, Dkt. No. 11; Motion for Expedited Discovery, Dkt. No. 9.

7.    The Court referred LegalShield's Motion for Preliminary Injunction and Motion for Expedited Discovery, and Defendant's Motion to Stay Pending Arbitration, to Magistrate Judge Steven Shreder for Findings and Recommendation. Minute Order, Dkt. No. 19.

8.    Magistrate Shreder set the hearing on the request for emergency discovery on October 17, 2012. Minute Order, Dkt. No. 21. At that time, however, Magistrate Shreder determined that the Motion should be heard with the Preliminary Injunction Motion and the matters were set for hearing on October 26, 2012. Upon the expressed concern of counsel for LegalShield at that first hearing on October 17, Magistrate Shreder from the Bench and then by Minute Order issued a specific preservation Order. Minute Order dated 10/17/12, Dkt. No. 22 ("Court enters order that all evidence currently in existence be preserved."); *see also* Minute Order dated 10/26/12, Dkt. No. 24 ("Court continues to enforce the order directing parties to preserve all the evidence.").

9.    On January 22, 2013, Magistrate Shreder issued his Report and Recommendation (the "R&R"). R&R, Dkt. No. 31. As to LegalShield's request that Defendant be enjoined from

directly or indirectly soliciting LegalShield Associates, the Magistrate recommended that "a preliminary injunction should issue barring Defendant from initiating contact with [LegalShield] sales associates in an effort to solicit them to join Nerium." R&R at 15. The Magistrate did not recommend an injunction prohibiting Defendant from using LegalShield's trade secrets because the Magistrate found that *at that time* LegalShield did not have evidence that Defendant was actually in possession of LegalShield's trade secrets. *Id.* at 10. The Magistrate noted, however, that "[t]he court has ordered preservation of all evidence currently in existence" and that the parties were "cooperating in retrieving any trade secret information that may be in Defendant's possession through a third-party review of his electronic devices." *Id.* at 10-11. Indeed, Defendant did initially cooperate with the copying of his electronic devices, by submitting his Apple Macbook Pro, iPhone 4, and iPad 3 for copying in October 2012.

10. The Magistrate further recommended that Defendant's Motion to Stay Pending Arbitration be granted. R&R at 22.

11. The Court affirmed and adopted the R&R on February 12, 2013, thus staying this case. Order of Feb. 12, 2013, Dkt. No. 32.

12. On February 13, 2012, the day after the adoption of the R&R which granted the motion to stay, LegalShield initiated arbitration proceedings by filing an Arbitration Demand with the American Arbitration Association ("AAA"). *See* Arbitration Demand at Ex. 2. The AAA appointed a panel of arbitrators and set a hearing date for November 4-8, 2013. AAA Scheduling Order, Ex. 3. Defendant also filed an Answer and Counterclaims seeking to recover in excess of $500,000.

13. After commencement of the arbitration, LegalShield learned that on January 31, 2013, after the initial copying of his electronic devices had already been completed and while the

R&R was awaiting review by the District Judge, Defendant participated in the solicitation of an entire group of LegalShield associates to Nerium. Affidavit of Denise Garrison, Ex. 4.

14.     LegalShield also learned that on March 7, 2013, *in specific violation of the now adopted and entered injunction*, Defendant texted Adam Elhag, then a current LegalShield Associate, to solicit Elhag to join Nerium.   Affidavit of Adam Elhag, attached hereto as Ex. 5.

15.     Upon discovery of Defendant's ongoing solicitation of LegalShield Associates, counsel for LegalShield requested a second copying of Defendant's electronic devices to ensure that evidence regarding his ongoing solicitations was preserved. Feb. 14, 2013 letter, Ex. 6. Defendant refused. After multiple negotiations in which counsel for Defendant indicated an agreement to the copying but then refused to proceed with the discovery protocol, and with continuous delay and changing conditions, LegalShield finally filed a Motion for Preservation and Copying of Electronic Devices in the arbitration. Motion for Preservation and Copying of Electronic Devices, Ex. 7.

16.     On June 17, 2013, the arbitration Chair ordered Defendant to produce all of his electronic devices for a second copying, searching and forensic examination no later than 5:00 p.m. CT on June 21, 2013.  June 17, 2013 Order on Electronic Discovery, Ex. 8.

17.     When the agreed upon neutral third-party, Digital Mountain, arrived to copy Defendant's electronic devices on June 21, 2013, Defendant disclosed that his iPad 3, which had been copied previously, *and which this Court had ordered him to preserve*, had been reset approximately two months earlier (well after LegalShield's February 14th letter requesting the second copying and reminding him of his preservation obligations)  to its default setting and that all data was erased from the device at that time.  *See* Email dated June 21, 2013, Ex. 9. Defendant also informed Digital Mountain that he replaced his Apple Macbook Pro with an

Apple iMac, that the Macbook Pro was no longer in his possession, and that no data was transferred to his iMac. *Id.* Finally, Defendant reported to Digital Mountain that he had replaced his iPhone 4 with an iPhone 5 in late November 2012 and that no data was transferred from his iPhone 4 to his iPhone 5. As a result, Digital Mountain was initially unable to recover any data from Defendant's Apple Macbook Pro or iPhone 4, and could only recover data from Defendant's iPad 3 after the date that the device was reset to its default settings. Digital Mountain asked Mr. Cahill to write a declaration setting forth this information.[1] Todd Cahill Declaration, Ex. 10.[2]

18.    As required by the AAA's rules governing commercial disputes, LegalShield paid the fee for initiating the arbitration in the amount required for the amount in controversy, and then, upon invoice from the AAA, paid its share of the deposit to cover the arbitrators' compensation and expenses. *See* Email dated May 7, 2013, Ex. 11; Pre-Paid Legal Invoice, Ex. 12; AAA Financial Closing Statement, Ex. 13.

19.    Defendant also paid the initiation fee required for the filing of his counterclaims. *Id.* However, he did not and has not since, though with knowledge that the arbitration would be terminated, paid the remaining deposit owed for the arbitrators' compensation and expenses. *See* Email dated June 27. 2013, Ex. 14. Given that Defendant demanded arbitration and that he was

---

[1] Defendant's counsel later reported that Defendant's iPhone 4 had been broken and that the hard drive in his MacBook Pro had "died," but he stated that both devices would be made available for inspection by Digital Mountain. This information contradicts what Defendant reportedly told the neutral third-party, Digital Mountain, which is that he traded in his MacBook Pro and it was no longer in his possession. *See* Email dated June 21, 2013, Ex. 9. In any event, Defendant has now made those devices available for Digital Mountain to copy a second time, but there is still no way to recover data that was deleted from Defendant's iPad after it was reset to its default settings.

[2] Defendant's Declaration contained his username and password for his Facebook and Twitter accounts. We have redacted this information on Exhibit 10 to protect the confidentiality of this information.

affirmatively seeking relief therein, LegalShield declined to pay the Defendant's share of the substantial fee. Accordingly, on July 10, 2013, the AAA advised the parties that because Defendant's balance remains unpaid, by direction of the panel of arbitrators, the AAA had closed the file in this matter. Email dated July 10, 2013, attached as Ex. 15.

20.    The closing of the arbitration proceedings due to Defendant's failure to pay his share of the arbitrators' compensation and expenses has left LegalShield unable to seek appropriate relief with the arbitrators regarding Defendant's ongoing solicitation of LegalShield Associates, his misappropriation of LegalShield's trade secrets, and his failure to comply with his discovery obligations. Accordingly, LegalShield seeks a lifting of the stay in this Court so that it can continue to pursue discovery and prosecute its claims against Defendant.

21.    Counsel for LegalShield consulted with Defendant's counsel on July 16, 2013 regarding this motion and advises the Court that Defendant objects to lifting the stay and returning to federal court. Thus, now that the arbitration proceeding has terminated, LegalShield has no means to seek redress unless the stay is lifted by order of this Court.

## ARGUMENT AND AUTHORITIES

Defendant should not be allowed to prevent LegalShield from obtaining legal redress by the strategic ploy of nonpayment of the fees. The Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

9 U.S.C.§ 3 (emphasis added). Thus, the FAA requires a court to stay litigation on matters that the parties have agreed to arbitrate. However, this requirement is conditional and does not apply when the applicant for the stay is in default in the arbitration. *Id.*

By failing to pay his share of the arbitration deposit, Defendant is in default in the arbitration proceeding. "The obligation of a party to pay for the fees of an arbitration may be provided for by contract or, if there is no provision controlling the payment of fees, by the rules of the arbitration body." *Brandifino v. CryptoMetrics, Inc.*, 896 N.Y.S.2d 623, 626 (N.Y. App. Div. 2010). Here, the parties' agreements are silent as to the payment of arbitration fees. However, the agreements specify that an arbitration should be settled "in accordance with the Commercial Arbitration Rules of the American Arbitration Association." *See, e.g.,* Associate Agreement, Ex. 16 at ¶23; Regional Manager Agreement, Ex. 17 at ¶10.

Rule 50 of the AAA's Commercial Arbitration Rules provides that the expenses of the arbitration "shall be borne ***equally by the parties***, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties." AAA Commercial Arbitration Rules, Ex. 18 at 29 (emphasis added). Rule 52 further provides that "[t]he AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case." *Id.*

Here, the AAA required the parties to each pay a significant deposit to cover the arbitrators' compensation and expenses. LegalShield promptly paid its share of the deposit; Defendant did not and has not since. *See* AAA Financial Closing Statement, Ex. 13. Accordingly, Defendant defaulted on his obligations under the rules of the AAA, and the FAA's

requirement that this case be stayed pending arbitration no longer applies.  *See* 9 U.S.C. § 3. Other courts have taken a dim view of similar defaults and lifted the stay to permit the parties to return to court.  *See, e.g., Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003); *Garcia v. Mason Contract Products, L.L.C.*, No. 08-23103-CIV, 2010 WL 3259922 (S.D. Fla. Aug. 18, 2010).  *See also Stowell v. Toll Brothers*, No. 06-CV-2103, 2007 WL 30316 (E.D. Pa. Jan. 4, 2007).

Moreover, when the applicant for the stay is in default, a court may also modify or dissolve a stay as a matter of equity.  A stay pending arbitration is equivalent to an injunction, which "may be modified or dissolved in the discretion of the court when conditions have so changed that it is no longer needed ***or is rendered inequitable***." *Miller v. Aaacon Auto Transport, Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977) (emphasis added).  Defendant's failure to pay for the arbitration he requested, and in which he filed a counterclaim seeking hundreds of thousands of dollars against LegalShield, while at the same time taking advantage of this Court's stay of judicial proceedings, has presented LegalShield with a Hobson's choice:  (a) have its right to relief stymied by the termination of the arbitration proceedings, or (b) pay Defendant's substantial arbitration fees so that not only its claims, but his counterclaims, could be resolved in the arbitration demanded by Defendant.

It would be inequitable to allow Defendant to shirk his obligations in the arbitration proceeding ***that he demanded***, and thereby allow him to obstruct LegalShield's ability to litigate its claims against him, especially in light of the significant procedural delays that Defendant has already employed.  This inequity is amplified by the fact that Defendant's wrongful solicitation of LegalShield Associates is ongoing, in violation of the preliminary injunction, and by his failure to comply with the obligation to preserve evidence.  With the arbitration proceeding now

closed, LegalShield has no way to seek relief from the arbitrator or this Court regarding these issues unless the stay is lifted.

Finally, the failure to pay arbitration fees also amounts to a waiver of the right to arbitrate. *See Cargo Carriers v. Erie & St. Lawrence Corp.*, 105 F.Supp. 638, 639 (W.D.N.Y. 1952) ("[T]he right to arbitrate and to stay the trial of an action may be waived. Such a waiver may be accomplished by dilatory conduct or delay."); *see also Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003) (noting that the trial court found waiver of the right to arbitrate after defendant defaulted on its obligation to pay the costs of arbitration). Although Defendant previously had the right to resolve this dispute in arbitration, he has waived this right by failing to pay his share of the arbitrators' compensation and expenses. Accordingly, this Court has no obligation to keep the stay in place pending arbitration.

## CONCLUSION

For all of these reasons, Plaintiff LegalShield respectfully requests that this Court enter an order lifting the stay pending arbitration, which was entered by this Court herein on February 12, 2013. Upon lifting of the stay, LegalShield also requests entry of a scheduling order to allow this matter to proceed in this Court.

Respectfully submitted,

s/ Timila S. Rother
Timila S. Rother, OBA# 14310
Brooke S. Murphy, OBA# 6524

- Of the Firm -

**CROWE & DUNLEVY, P.C.**
20 North Broadway, Suite 1800
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
brooke.murphy@crowedunlevy.com

timila.rother@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2013, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ron Wright
ron@wsfw-ok.com
**ATTORNEY FOR DEFENDANT**

Gary E. Smith
Gary E. Smith, P.C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 330
Dallas, Texas 75240
Email: gespc1@yahoo.com
**ATTORNEY FOR DEFENDANT**

s/ Timila S. Rother
Timila S. Rother

2465576