**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

PRE-PAID LEGAL                          )
SERVICES, INC.,                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          Case No. CIV-12-346-JHP
                                        )
TODD CAHILL,                            )
                                        )
            Defendant.                  )

## REPORT AND RECOMMENDATION

The Plaintiff Pre-Paid Legal Services, Inc. ("Pre-Paid") sued the Defendant Todd

Cahill in the District Court of Pontotoc County alleging breach of contract,

misappropriation of trade secrets and tortious interference with contractual or business

relations.  Cahill removed the case to this Court, which entered a preliminary injunction

maintaining the *status quo* and stayed the case pending arbitration.  *See* Docket No. 32.

Pre-Paid later moved to lift the stay, citing Cahill's failure to pay his share of the

arbitration fees and violation of the preliminary injunction.  For the reasons set forth

below, the undersigned Magistrate Judge recommends that the Plaintiff's Motion to Lift

Stay and Enter Scheduling Order [Docket No. 33] be GRANTED.

Pre-Paid urges the Court to lift the stay and allow the case to proceed because

Cahill failed to pay the required arbitration fees and thereby waived his right to proceed

in arbitration.  Pre-Paid's motion requires the Court to answer two questions: whether the

case is subject to arbitration, and "whether legal constraints external to the parties'

agreement foreclosed the arbitration of those claims."  *Planet Beach Franchising Corp. v.*

*Richey*, 623 F. Supp. 2d 735, 738 (E.D. La. 2008), *quoting Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 293 (5th Cir. 2005).   "[A]ny doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself *or an allegation of waiver, delay, or a like defense to arbitrability.*"   *Planet Beach*, 623 F. Supp. 2d at 739, *quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983) [emphasis added].   The Court has already decided that the case is subject to arbitration, *see* Docket Nos. 31, 32, so the sole question here is the second one, *i. e.*, "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."   *Planet Beach*, 623 F. Supp. 2d at 738.

Noting that questions related to the payment of fees or waiver are for arbitrators to decide, *see, e. g., Dealer Computer Services, Inc. v. Old Colony Motors, Inc.,* 588 F.3d 884, 887 (5th Cir. 2009) ("[T]he Supreme Court has decided that . . . the arbitrator, not the courts, should decide certain procedural questions which grow out of the dispute and bear on its final disposition. [] Payment of fees is a procedural condition precedent that the trial court should not review."), *citing Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 84 (2002) ("[T]he presumption is that the arbitrator should decide 'allegations of waiver, delay, or a like defense to arbitrability.'"), *quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25 (1978), Cahill urges the Court to deny Pre-Paid's motion.   Cahill admits that he failed to pay his share of the arbitration deposit but contends that Pre-Paid should have volunteered to pay the entire deposit so the arbitration could proceed.   Cahill does not, however, dispute that the arbitrators could

have ordered Pre-Paid to do this, or suspended the proceedings until payment could be made, but chose instead to terminate the arbitration. The undersigned Magistrate Judge therefore finds that "legal constraints external to the parties' agreement foreclosed the arbitration of [their] claims," *Planet Beach*, 623 F. Supp. 2d at 738, and that Pre-Paid's motion should be granted and the case allowed to proceed in this Court. *See, e. g., Sink v. Aden*, 352 F.3d 1197, 1199 (9th Cir. 2003).

In *Sink*, the Ninth Circuit considered a factual setting similar to the one here. The defendant was obligated to pay the arbitration costs but failed to do so. The plaintiff told the defendant it would seek a default order from the arbitrator if the costs were not paid before the date set for the arbitration hearing. The fees remained unpaid, and three days before the scheduled hearing the arbitrator notified the parties that it was being cancelled. The plaintiff subsequently moved as promised for an order of default, which the arbitrator granted. The district court found that the defendant had defaulted in the arbitration and waived its right to arbitrate, and ordered that the case proceed to trial. Noting that the district court's conclusion essentially confirmed the arbitrator's default order, the Ninth Circuit found that the district court had not erred in concluding that the defendant was in default and affirmed the decision. 352 F.3d at 1199.

Cahill argues that *Sink* is distinguishable because the arbitrator in this case did not enter an order of default as was done in *Sink*. *See, e. g., Planet Beach,* 623 F. Supp. 2d at 741 ("[U]nlike the situation in *Sink*, there is no indication here that the AAA has found Richey in default."); *Juiceme, LLC v. Booster Juice Limited Partnership*, 730 F. Supp. 2d 1276, 1285 (D. Ore. 2010) ("In the present matter, Plaintiffs did not move for an order of

default in arbitration nor did an arbitrator have any opportunity to make any finding of default."). The undersigned Magistrate Judge is not, however, persuaded that *Sink* can be so easily dismissed; the facts in *Planet Beach* and *Juiceme* are in critical ways different from the facts in *Sink*, and in each case the district court did more to distinguish *Sink* than simply focus on the existence of an arbitrator's order of default. For example, in *Planet Beach* the district court discussed at length how the facts in that case differed from those in *Sink*, *i. e.*, the defendant that invoked arbitration in *Planet Beach* withdrew due to objections to one of the arbitrators, and the arbitrator was eventually disqualified. The district court discussed how such facts differed from those in *Sink* and specifically noted that there was no colorable argument that the defendant had defaulted by objecting to the arbitrator and withdrawing from the arbitration early in the process. *See* 623 F. Supp. 2d at 741 ("Planet Beach does not even address the effect of the flawed composition of the arbitration panel on whether Richey was in default. Further, it cites no other authority that provides a rationale for finding that Richey is in default, and the Court has found none."). But in this case the facts more closely parallel those in *Sink*; the arbitrator ended the proceedings because Cahill failed to pay his share of the fee deposit, and although no order of default was entered, it is difficult to see termination of the proceedings under such circumstances as anything other than a declaration of default.

The facts in *Juiceme* are somewhat closer to those in *Sink*, *i. e.*, a defendant failed to pay its share of the costs of arbitration, which resulted in the arbitrator terminating the proceedings, but there was a critical difference noted by the district court:  the arbitration agreement between the parties was silent as to such costs, so the parties made a separate

agreement to split the costs.  *See* 730 F. Supp. at 1282.  Noting that "unlike in *Sink*, a collateral fee-sharing agreement is at issue here rather than the arbitration agreement itself[,]" i*d.* at 1285, the district court concluded that "the effect, if any, on the parties' arbitration agreement of U.S. Defendants' inability to continue paying the costs of arbitration as required in a collateral fee-sharing agreement governing three arbitrations (*i. e.*, whether U.S. Defendants' inability to continue to pay its share of arbitration costs constitutes failure, neglect, or refusal to arbitrate in violation of the arbitration agreement) is an issue for the arbitrator rather than the Court."  *Id.*  Once again, the facts in this case more closely parallel those in *Sink* rather than those in *Juiceme*; the arbitration agreement between the parties in this case was not silent as to the costs of arbitration (the agreement referred to the rules of the American Arbitration Association, which requires the parties to split the costs), and the arbitrator here actually did consider Cahill's failure to pay and concluded that it justified termination of the arbitration proceedings rather than a lesser remedy short of dismissal.  Absent some collateral agreement yet to be addressed by the arbitrator, it is difficult to see how *Juiceme* rather than *Sink* should inform the Court's consideration of Cahill's failure to pay his share of arbitration costs in this case.

The other cases to which Cahill gives great weight are likewise inapposite to the facts in this case.  For example, in *Howsam* (which Cahill cites for the proposition that the arbitrator should decide issues of waiver, delay, or other defenses to arbitrability) the primary issue was interpretation of an NASD rule limiting the time to seek arbitration to six years from the occurrence---a procedural defense to arbitrability---which the Supreme Court found the arbitrator should decide.  537 U.S. at 86.  And in *Dealer Computer*

*Services* (which Cahill cites as support for the notion that Pre-Paid should have paid his share of the fee deposit), the primary issue was whether the district court should order a party to comply with an arbitrator's order to pay both parties' share of the costs. 588 F.3d at 886. The defendant in *Dealer Computer Services* was unable to pay his share of the costs, so the arbitrator ordered the plaintiff to pay both shares. When the plaintiff refused, the arbitrator suspended (but did not dismiss) the arbitration proceedings, and the defendant asked the district court to compel the plaintiff to comply with the arbitrator's order. The arbitration had not been closed, and nobody was asking the district court to lift the stay for judicial proceedings. *See id.* at 886. It would have been inappropriate for the district court to interfere while the arbitration was still pending and the arbitrator had yet to decide the appropriate remedy for the plaintiff's refusal to pay all the arbitration costs. By contrast, the arbitration in this case is not still pending, because the arbitrator has decided that the appropriate remedy for Cahill's failure to pay his share of costs was dismissal rather than ordering Pre-Paid to pay his portion.

In summary, the undersigned Magistrate Judge finds it is *Sink* (rather than any of the cases cited by Cahill) that provides the most apt comparison to this case. AAA rules (incorporated by the parties' arbitration agreement) required each party to pay half of the arbitration costs. The arbitrator required the parties to deposit $30,000.00 each before the arbitration hearing. Cahill (who invoked the arbitration provision) failed to do so. Such failure (after invoking arbitration) and now resistance to lifting the stay are "indicative of a party who acts inconsistently with his right to arbitrate by frustrating or delaying the arbitration process only later to attempt to avail himself of the very process that he

-6-

undermined." *Planet Beach*, 623 F. Supp. 2d at 741. The arbitrator could have asked (or required under AAA's rules) Pre-Paid to deposit the entire amount, or left the arbitration open by merely suspending the proceedings, but instead elected to terminate them. It is clear under these circumstances that the arbitrators considered Cahill's failure to pay to be a default in arbitration, and the undersigned Magistrate Judge therefore confirms this finding. Pre-Paid's motion to lift the stay pending arbitration should be granted, and the case should be allowed to proceed in this Court.

The undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that the Plaintiff's Motion to Lift Stay and Enter Scheduling Order and Brief in Support [Docket No. 33] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72.

IT IS SO ORDERED this 31st day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma