IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRE-PAID LEGAL SERVICES, INC. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. CIV-12-346-JHP |
| | § | |
| TODD CAHILL, | § | |
| Defendant | § | |

## DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION

Comes now, Todd Cahill and files this his Objection to Report and Recommendation and would respectfully show the Court as follows:

## SUMMARY OF RESPONSE

Magistrate Shreder's Report and Recommendation analyses the pertinent case law on the issue presented and comes to the wrong conclusion. This can be best illustrated by this quote from the Report and Recommendation, **"But in this case, the facts more closely parallel those in *Sink;* the arbitrator ended the proceedings because Cahill failed to pay his share of the fee deposit, and *although no order of default* was entered, it is difficult to see termination of the proceedings under the circumstances as anything other than a declaration of default."**

The flaw in his logic is three-fold:

1. A closure of the proceedings is not a ruling on the merits, and is more comparable to a dismissal without prejudice.

2. The arbitration panel did not know which party had not paid the deposit.

3. *Sink* was merely a conformation of the default issued by the arbitrator which *is* within the purview of the Federal Courts under the Federal Arbitration Act.

**According to the Supreme Court of the United States,** The question of "waiver, delay or the like" or a procedural question such as payment of fees is for the arbitrators, not the District Court to decide. *Dealer Computer Services, Inc. v. Old Colony Motor, Inc. 588 F. 3d 884* (5th Cir. 2009) and *Howsam v. Dean Witter Reynolds, Inc.* 123 S. Ct. 588, 592 (copies attached).

## AUTHORITIES

The law with regard to this court's discretion and obligations in the face of an arbitration clause are set out in *Planet Beach Franchising Corporation v. Richey*, 623 F. Supp. 2d 735 (E.D. La, 2008) as follows:

> The Federal Arbitration Act, 9 U.S.C. § § 1-16, expresses a strong federal policy in favor of enforcing arbitration agreements. *See, e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217-18, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 294 (5th Cir.2005). Section 3 of the Act provides: If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.* 9 U.S.C. § 3 (emphasis added). The Supreme Court has explained that the Act " leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218, 105 S.Ct. 1238. Further, "any doubts concerning the scope

of an arbitration agreement should be resolved in favor of arbitration." *Safer*, 422 F.3d at 294.

*Planet Beach* Goes on to explain the two step process for analyzing the right of a proponent of a stay. The first...to determine whether there is a valid arbitration clause...this step is unnecessary in that said fact is not disputed.

The second, do determine if the proponent of the stay is "in default" is *apropos* to this Motion. Using the *Planet Beach* analysis, Defendant is not "in default" and this Court should not lift the stay.

*Planet Beach* equates "default" with "waiver" (citing cases) and goes on to say:

> Establishing a waiver requires a "heavy burden" of proof. *See Subway Equip. Leasing Corp. v. Forte,* 169 F.3d, 324, 326 (5th Cir.1999); *Price v. Drexel,* 791 F.2d 1156, 1158 (5th Cir.1986). Federal policy strongly favors arbitration of disputes. *See, e.g., Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217-18, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Safer v. Nelson Fin. Group, Inc.,* 422 F.3d 289, 294 (5th Cir.2005). As the Supreme Court has stated, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself *or an allegation of waiver, delay, or a like defense to arbitrability.* "*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Therefore, there is a presumption against finding a waiver of arbitration. *Lawrence v. Comprehensive Bus. Servs. Co.,* 833 F.2d 1159, 1164 (5th Cir.1987); *Miller Brewing Co. v. Ft. Worth Distrib. Co.,* 781 F.2d 494, 496 (5th Cir.1986). The Federal Arbitration Act does not define what it means for party to be in default, but the Fifth Circuit has explained that such a determination must be made on the peculiar facts of each case. *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F.3d 341, 346 (5th Cir.2004); *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 65 (5th Cir.1987).

**Under the facts of *Planet Beach*, the proponent of arbitration had both withdrawn from the arbitration proceedings AND failed to pay his fees. Yet, the Court enforced the stay.**

*Planet Beach* goes on to distinguish LegalShield's only real authority (the rest are a conglomeration of state trial court opinions and unpublished magistrate's orders) *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir.2003) by pointing out **that in *Sink*, the proponent of the stay had already been found in default by the arbitrators.** Such is not the case here.

This prospect is echoed in *Juiceme, LLC, et. al. v. Booster Juice, L.P*, 730 F. Supp. 2d 1276 (D. Or. 2012) in the court's discussion of which questions are properly before the federal court and which are for arbitrators. *Juiceme* concluded, as did *Planet Beach* that beyond the decision that the issue is subject to an arbitration agreement, other questions are for the arbitrators.

> On the other hand, the Supreme Court has held the following issues do not raise "question[s] of arbitrability" and, therefore, are matters to be decided by the arbitrator: whether the first two steps of a grievance procedure have been completed when those steps are prerequisites to arbitration ( *John Wiley*, 376 U.S. at 557, 84 S.Ct. 909); whether " allegation[s] of waiver, delay, or [the like,] are defenses to arbitrability" ( *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25, 103 S.Ct. 927). In *Howsam*, the Court also noted the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability ... are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel,

and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.* § 6, comment 2, 7 U.L.A., at 13 (emphasis added). 537 U.S. at 85, 123 S.Ct. 588. The Court ultimately held whether the plaintiff brought a claim for arbitration within the limitations period of the contract at issue is "a matter presumptively for the arbitrator, not for the judge" because the "time limit rule closely resembles the gateway questions that this Court has found not to be 'questions of arbitrability.'" *Id.* Here the Court concludes whether U.S. Defendants' inability to continue to pay arbitration costs in accordance with the parties' collateral agreement constitutes a failure, neglect, or refusal to arbitrate under the parties' arbitration agreement is a gateway dispute that is not an issue for the Court to decide. This issue is similar to "allegation[s] of waiver, delay, or a like defense to arbitrability" and to questions as to "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met."

## WHAT LEGALSHIELD COULD AND SHOULD HAVE DONE

This is quite simple. LegalShield, by its own admission, is a huge and wildly successful company. It recently sold for $650,000,000. It had the option, under Rule 54 of the Commercial Rules of the AAA, to front the $30,000 deposit and continue with the arbitration or bring a motion to the arbitrators under the rules for emergency measures to find Defendant in default or to compel payment. The deposit is temporary and no matter how the arbitration came out, the arbitrators would have taxed the cost to one or both of the parties.

Instead,LegalShield has made a conscious and calculated decision to allow the arbitration proceedings to be closed and continue to breach the arbitration agreement by filing this Motion (which will undoubtedly cause MORE DELAY and cost them more than $30,000). As is their burden to do, they have offered no evidence that they could not

advance this deposit or that it would be a hardship for them to do so. And, of course, it would be disingenuous in the extreme for them to offer such allegation or proof.

## CASES CITED BY LEGALSHIELD

Legal Shield has cited to this court a hodgepodge of cases that are either off point, of no precedential value or just plain contrary to the Supreme Court in *Howsam*.

*Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197 (9th Cir. 2003) Distinguished above. The proponent of the stay had already been fund in default by the arbitrators.

*Brandifino v. CryptoMetrics, Inc.*, 896 N.Y.S.2d 623, 626 (N.Y. App. Div. 2010). Out of a New York trial court (Westchester County)

*Cargo Carriers v. Erie & St. Lawrence Corp.*, 105 F. Supp. 638, 639 (W.D.N.Y. 1952)1952 Not a similar fact situation. In that case, the proponent of the stay had failed, through clearly dilatory tactic, to engage in the arbitration for NEARLY A YEAR.

*Garcia v. Mason Contract Products, L.L.C.*, No. 08-23103-CIV, 2010 WL 3259922 (S.D. Fla. Aug. 18, 2010)- An unreported Magistrate's Order from the Southern District of Florida.

*Miller v. Aaacon Auto Transport, Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977)- Stands merely for the undisputed proposition that the trial court can lift an improvidently granted stay. This stay was not improvidently granted.

*Stowell v. Toll Brothers*, No. 06-CV-2103, 2007. WL 30316 (E.D. Pa. Jan. 4, 2007)- Found against the proponent of a stay **who had failed to pay the initial filing fee.**

*Stowell* predates the Fifth Circuit case, *Computer Services,* and appears to be decided contra to the clear mandate of the Supreme Court of the United States in *Howsam.* [1]

In other words, the only Federal cases with any precedential value stand for points on which there is no disagreement or are distinguishable on the facts or violate the rule set out by higher courts.

However, one of Plaintiff's cases, *Brandifino,* is informative in that it cites a recent Fifth Circuit case, *Computer Services, Inc v. Old Colony Motors,* 588 F. 3d 884 (5*th* Cir. 2009) which is clearly dispositive of this entire issue. (As noted above, a copy is attached to Defendant's Response to Motion to Stay.)

For the convenience of the court, it holds, similarly to *Planet Beach,* that the matter of payment of fees and deposits is procedural and for the arbitrators to decide, not the courts. It cites *Howsam*, a recent case from the Supreme Court of the United States, that reverses a Tenth Circuit opinion to the contrary and makes it crystal clear that procedural questions (like payments of fees) and questions of "waiver, delay or the like" are for the arbitrators, not the courts. (As noted above, a copy is attached).

## CONCLUSION

A denial of Plaintiff's Motion to lift the Stay is **mandated** by the Supreme Court of the United States and the clear and unequivocal cases cited above and submitted herewith. A reading of *Howsam* and *Computer Services,* which are attached to Defendant's Response to Motion to Lift Stay, will convince this Court that it has no choice but to refuse to lift the Stay.

---

[1] This case relies on *Sink* but is clearly distinguishable in that in *Sink*, the arbitration panel had already found the proponent of arbitration **in default** but not so in *Stowell*. Also, the proponent of the arbitration failed to pay the **initial filing fee** of $750 which it could clearly afford, not a deposit of $30,000

Respectfully submitted,


By: /s/ Gary E. Smith
GARY E. SMITH, P.C.
Texas State Bar Number: 18593700
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
972-788-5300 Telephone
972-770-2156 Facsimile


- and -

WRIGHT, STOUT & WILBURN, PLLC
Attorneys at Law
Ron Wright OBA #9912
300 West Broadway
P.O. Box 707
Muskogee, OK 74402-0707
918-682-0091 –Telephone
918-683-6340 –Facsimile
e-mail ron@wsfw-ok.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

The foregoing has been served upon the Plaintiff, by and through its attorney of record, Brooke S. Murphy and Timila S. Rother, Crowe & Dunlevy, P.C., 20 North Broadway, Suite 1800, Oklahoma City, OK, 73102-8273 EDT on this the 11th day of April, 2014.

/s/ Gary E. Smith
GARY E. SMITH, P.C.