IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-346-JHP |
| ) | |
| TODD CAHILL, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to Federal Rules of Civil Procedure 26(f) a meeting was held on May 14, 2014 by teleconference. Plaintiff, Pre-Paid Legal Services, Inc. appeared by counsel Jessica Perry and Defendant Todd Cahill appeared by counsel Gary Smith.

**Preliminary Comment by Defendant:**

An interlocutory appeal has been filed in this case of the order of this court lifting the stay pending arbitration, which, in the 10th Circuit, divests the trial court of jurisdiction. If such be necessary, Defendant will renew and or amend its motion to stay pending the appeal on the order lifting the stay pending arbitration. Participating in this Joint Status Report in no way waives any rights to pursue appeal or consents to jurisdiction *McCauley v. Haliburton*, 413 F. 3rd 1158 (10th Cir. 2006).

**Preliminary Comment by Plaintiff:**

LegalShield disagrees that Defendant's appeal divests this Court of jurisdiction and disagrees that a stay exists or should be allowed. LegalShield intends to file a motion to dismiss the appeal and a motion with this Court to certify that Defendant's appeal is frivolous. Thus, to avoid yet another further delay by Defendant, LegalShield requests that the Status and Scheduling Conference proceed.

1. **Summary of Claims:**

    A. <u>LegalShield's Claims against Defendant Cahill</u>: Seeking monetary and injunctive relief (and a temporary injunction having been entered by this Court), Pre-Paid Legal Services, Inc., now known as LegalShield ("LegalShield"), brings this action against Defendant Todd Cahill ("Defendant" or "Cahill") for breach of contract, misappropriation of trade secrets, and tortious interference with contract or business relations. LegalShield sells legal service contracts through a network marketing system of independent sales associates. Defendant, by virtue of his positions as a LegalShield associate, Regional Manager, and Regional Vice President, was afforded access to LegalShield's trade secret and confidential

information, including associate names, levels of success, compensation, relationships, organizations, and downlines. Defendant entered into written agreements with LegalShield through which he agreed that such information is confidential, proprietary information not to be used for any purpose other than promoting LegalShield. He further agreed not to proselytize, solicit, or recruit LegalShield associates to any other company during the term of his agreements and for two years after termination. Defendant resigned his position as Regional Manager and Regional Vice President on August 10, 2012. On or about August 9, 2012, however, Defendant began recruiting and attempting to recruit LegalShield associates to join him at a new network marketing company, Nerium International ("Nerium"), and misappropriating LegalShield's trade secret associate information to do so, in violation of his written agreements and the Oklahoma Uniform Trade Secrets Act, and tortiously interfering with LegalShield's contracts with other associates. Defendant's conduct has, and continues to, injure LegalShield through the disruption and/or loss of sales associates, causing the marketing of LegalShield's product to diminish. Moreover, Defendant has a current outstanding debt to LegalShield of $253,166.63, which was due and owing as of the date it was demanded by LegalShield, as specifically stated in the Associate Agreement.[1]

B. <u>Defendant Cahill's Counterclaim against LegalShield:</u> Cahill was wrongfully terminated and his income stream from LegalShield misappropriated from him to LegalShield in breach of his associates agreement. He seeks damages in the amount of the monthly income stream from the date it was terminated until the date it ceases to accrue. This amount would pay off his debit balance and cash flow positive into the futue.

2. **Summary of Defenses**:

   A. <u>Defendant Cahill's Defenses to LegalShield's Claims:</u>

   a. The Statute of Limitations; and/or

   b. Latches; and/or

   c. Waiver; and/or

   d. Accord and Satisfaction; and/or

   e. Assumption of the risk; and/or

   f. Novation; and/or

   g. Release; and/or

---

[1] LegalShield made a claim in arbitration for recovery of the debit balance, and will amend the pleadings herein to assert this claim pursuant to the deadlines set by the scheduling order.

    f.     Estoppel; and/or

    g.    Statute of Frauds; and/or

    h.    Illegality; and/or

    i.     The relief sought by Claimant violates public policy; and/or

    j.     The Relief sought by Claimant violates Oklahoma law; and/or

    k.    Illusory Contract; and/or

    l.     Lack or failure of consideration;

    m.   any other matters constituting a confession and avoidance under the laws.

B.   **LegalShield's Defenses to Defendant's Counterclaim**: LegalShield asserts the following defenses to Cahill's Counterclaim:

    1.    Respondent fails to state a claim upon which relief may be granted.

    2.    Respondent's claims are barred, in whole or in part, because Respondent has suffered no injury to a legally protected or cognizable interest and no damages as a result of the matters alleged in Respondent's Counterclaim.

    3.    As to Respondent's claim for interference with contractual or business relations, Respondent has not and cannot plead the concerted activity or interference by a third-party which is necessary to sustain the cause of action. LegalShield cannot interfere with its own contract with Respondent.

    4.    The actions or inactions of Respondent have caused or contributed to any loss that Respondent may claim to have incurred.

    5.    LegalShield has paid Respondent all that he is entitled to receive under his agreements with LegalShield.

    6.    Respondent materially breached his agreements with LegalShield.

    7.    LegalShield is discharged from any further obligation under its agreements with Respondent because his conduct has deprived LegalShield of the benefit of its agreements.

    8.    Respondent is barred from any recovery from LegalShield due to his unclean hands.

    9.    Respondent's claims are barred, in whole or in part, but the doctrines of waiver, estoppel, and other equitable defenses.

    10.   LegalShield did not proximately cause harm to Respondent as alleged in the Respondent's Counterclaim.

    11.   LegalShield's actions were justified, privileged, and excusable.

    12.   LegalShield acted in good faith.

    13.   Respondent has failed to mitigate his damages.

    14.   Respondent has waived his right to arbitration by defaulting in the arbitration proceeding and by failing to pay his share of the arbitration fees, as so concluded by this Court.

    15.   LegalShield reserves the right to assert additional defenses which may be disclosed in the course of discovery, including up and until the date of trial.

3. **Stipulations**:

    A.   Jurisdiction Admitted:    Yes   X   No

    Explain: The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, but as discussed above, Defendant contends that the matter is stayed for the reasons described in the Preliminary Comments of Defendant above.

    B.   Venue appropriate:    X   Yes     No

    Explain:   Venue is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b)(2).

    C.   Facts: None.

    D.   Law: None.

4. **Discovery Plan**: The parties jointly propose to the Court the following discovery plan:

    A.   Discovery, including electronic discovery, will be needed on the following subjects:

        1.   *See* Claimant Pre-Paid Legal Services, Inc.'s First Requests for Production of Documents in Arbitration, attached hereto as Exhibit 1, and Claimant Pre-Paid Legal Services, Inc.'s Second Requests for Production of Documents in Arbitration, attached hereto as Exhibit 2.

        2.   LegalShield anticipates additional document requests and interrogatories aimed at the solicitation and trade secret claims, and damages relating to those claims.

        3.    LegalShield has previously copied Defendant's electronic devices which are being preserved until discovery can proceed in this Court, and search terms for mining that data will need to be agreed or ordered.

        4.    LegalShield anticipates the need for discovery from a number of third parties, including for deposition and document subpoenas, including persons who Defendant successfully solicited to Nerium and attempted to solicit to Nerium. LegalShield also anticipates the need for discovery from Nerium.

        5.    *See* Respondent's and Counterclaimant's Request for Production of Documents, attached hereto as Exhibit 3.

        6.    Defendant has also propounded discovery requests and will propound more if, as and when the time arises. Defendant seeks the deposition of Rip Mason, Melanie Lawson, Kerri Prince, Plaintiff's experts and any witness named by those deponents.

B.    All discovery commenced in time to be completed by _____.

The Parties have been unable to agree to a discovery cutoff date.

C.    Discovery on <u>N/A</u> (issue for early discovery) to be completed by <u>N/A</u>.

D.    Maximum of <u>25</u> interrogatories by each party to any other party. Responses due <u>30</u> days after service.

E.    Maximum of <u>25</u> requests for admission by each party to any other party. Responses due <u>30</u> days after service.

F.    Maximum of <u>10</u> depositions by Plaintiff and <u>10</u> by Defendant. Because this action involves the solicitation of a presently unknown number of LegalShield associates, additional depositions may become necessary as discovery unfolds. In the event that additional depositions are needed by either party, the parties will confer in good faith regarding their scheduling before seeking the Court's permission.

G.    Each deposition limited to maximum of <u>7 hours</u> unless extended by agreement of parties.

5. All parties consent to trial before Magistrate Judge?

    ____Yes   **X**__ No  (If yes is marked you must sign and file a consent form)

6. Settlement Plan:

    A.    Settlement Conference requested after December 15, 2014.

  B.  Other ADR (explain): None. The Parties do not request ADR at this time.

7. Estimated Litigation Costs:

  A.  Plaintiff:

    (1) Through Discovery Cutoff $ $250,000

    (2) Discovery Cutoff through Trial $ $200,000

    (3) Appeal $ $50,000

    (4) TOTAL $ $500,000

  B.  Defendant:

    (1) Through Discovery Cutoff $ 40,000

    (2) Discovery Cutoff through Trial $ 40,000

    (3) Appeal $ 20,000

    (4) TOTAL $ 90,000

  C.  **GRAND TOTAL (All Parties)**  $ 590,000

  D.  <u>Actual Amount in Controversy (may be expressed in a dollar range)</u>:

    (1) <u>LegalShield's Claims against Defendant</u>: $1,000,000 or more

    (2) <u>Defendant's Counterclaim against LegalShield</u>: $999,999 or more.

APPROVED:

s/ Timila S. Rother
Timila S. Rother, OBA #14310
Brooke S. Murphy, OBA # 6524
**CROWE & DUNLEVY**
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
timila.rother@crowedunlevy.com
brooke.murphy@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT PRE-PAID LEGAL SERVICES, INC.**

s/ Gary E. Smith
Gary E. Smith
**GARY E. SMITH, P.C.**
Two Lincoln Centre
5420 LBJ Freeway, Suite 3300
Dallas, Texas 75240
(972) 788-5300
(972) 770-2156 (Facsimile)
gespc1@yahoo.com

**ATTORNEY FOR DEFENDANT/COUNTER-CLAIMANT TODD CAHILL**

2567127