**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

PRE-PAID LEGAL SERVICES, INC.,    )
                                    )

       **Plaintiff,**            )
                                    )

**v.**                              )
                                    )

**TODD CAHILL**               )         **Case No. 12-CV-346-JHP**
                                    )

       **Defendant.**          )

## <u>ORDER</u>

Before this Court is the Motion to Stay Proceedings Pending Appeal urged by Defendant, Todd Cahill [Doc. No. 53]. For the reasons stated herein, the Court herby GRANTS the Defendant's Motion to Stay Proceedings Pending Appeal.

On April 16, 2014, the Court issued an Order Affirming and Adopting the Report and Recommendation of the United States Magistrate Judge (the "Court's Order"), in which the Court granted Plaintiff's motion to lift a stay that had previously been in place pending arbitration. [Doc. No. 47]. On May 8, 2014 the Defendant timely filed his Notice of Appeal of the Court's Order lifting the stay [Doc. No. 49] and then on May 19, 2014 filed the motion before the Court to stay proceedings pending appeal [Doc. No. 53].

Generally, an order is appealable if it is a "final decision of the district courts of the United States." 28 U.S.C. § 1291. A final decision "is a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Utah ex rel. Utah State Department of Health v. Kennecott Corp.,* 14 F.3d 1489, 1492 (10th Cir.1994) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). However, the Federal

Arbitration Act ("FAA") contains a statutory exception to this final decision rule. Section 16(a) of the FAA provides:

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title . . .

9 U.S.C. §16.

Though the Tenth Circuit has not taken up the issue, other circuits that have considered whether an interlocutory appeal may be taken from an order lifting a stay have found that an order lifting a stay is an order appealable under § 16(a) of the FAA. Writing for the United States Court of Appeals for the Seventh Circuit, Judge Posner held that an order by a district judge partially lifting a stay that had been granted pending arbitration was appealable pursuant to § 16(a)(1)(A) as it was in effect an order refusing a stay. *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 415-16 (7th Cir. 2014). The Third and Eighth Circuits have reached the same conclusion. *See Corpman v. Prudential-Bache Securities, Inc.*, 907 F.2d 29 (3rd Cir. 1990); *Dobbins v. Hawk's Enterprises*, 198 F.3d 715, 716 (8th Cir. 1999).

The Plaintiff argues that the Court's Order is not appealable because it is not an order refusing a stay but instead is an order lifting a stay which had previously been granted by the Court. The Plaintiffs rely heavily upon *Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376 (10th Cir. 2009), in which the United States Court of Appeals for the Tenth Circuit held, "If the motion falls within one of the seven categories laid out in § 16(a), or unmistakably seeks only the relief offered by one of those provisions, it may be appealed; if not, it may not." *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009). In *Conrad*, the district court had

granted in part and denied in part the defendants' motion to dismiss, which was premised on the existence of an arbitration agreement. *Id.* at 1379. There was no motion to stay the litigation before the district court. The Tenth Circuit refused to construe the order granting in part and denying in part the motion to dismiss as an order to refuse a stay or compel arbitration, appealable under § 16(a) of the FAA. *See id.*

Plaintiff's Motion to Lift Stay and Enter Scheduling Order unmistakably sought relief identified under §16(a)(1)(A). [*See* Doc. No. 33]. When the Court granted the Plaintiff's motion, it refused to *continue* to stay the case, which is in effect a refusal to stay the case, the relief provided for under § 16(a)(1)(A). *See GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 415-16 (7th Cir. 2014); *Corpman v. Prudential-Bache Securities, Inc.*, 907 F.2d 29 (3rd Cir. 1990); *Dobbins v. Hawk's Enterprises*, 198 F.3d 715, 716 (8th Cir. 1999).

This Court finds that the Defendant's appeal of the Court's Order lifting the stay is a §16(a) appeal. "[U]pon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits." *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). In accordance with the Court's separate Order denying the Plaintiff's motion to certify the Defendant's pending appeal as frivolous [Doc. No. 68], the Court finds that the Defendant's filing is a "non-frivolous § 16(a) appeal," which divests the Court of jurisdiction until the appeal is resolved on the merits. *See id*.

THEREFORE, the Defendant's Motion to Stay Proceedings Pending Appeal is GRANTED.

IT IS SO ORDERED this 31st day of March, 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3