## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

PRE-PAID LEGAL SERVICES, INC.,       )
                                     )
    Plaintiff/Counterclaim Defendant,    )
                                     )
v.                                   )       Case No. CIV-12-346-JHP
                                     )
TODD CAHILL,                         )
                                     )
    Defendant/Counterclaimant.           )
                                     )

## PLAINTIFF/COUNTERCLAIM DEFENDANT PRE-PAID LEGAL SERVICES, INC.'S
## MOTION TO LIFT STAY ENTERED SEPTEMBER 30, 2015 AND BRIEF IN SUPPORT

The stay that was *sua sponte* entered by this Court on September 30, 2015 should be lifted because only the Tenth Circuit Court of Appeals or the United States Supreme Court has authority to enter a stay of a Tenth Circuit judgment. Defendant sought a stay of mandate pending petition for certiorari from the Tenth Circuit; that request was denied. Defendant did not seek a stay from the Supreme Court. Federal statutory law and interpreting cases establish that this Court does not have the authority to enter a stay under these circumstances. Therefore, this stay should be lifted.

## BACKGROUND

Defendant, Todd Cahill ("Cahill"), long ago made a mockery of the very purpose of the arbitration he requested – the just, speedy and efficient resolution of disputes. **For three years Cahill has obstructed this case.** Plaintiff, Pre-Paid Legal Services, Inc. ("LegalShield"), sued Cahill in August 2012 for misappropriation of trade secrets and breach of contract. LegalShield obtained a temporary restraining order in state court and then a preliminary injunction in this Court after removed by Cahill. *See* Petition, August 14, 2012 (Dkt. #2-1); Temporary Restraining Order, August 14, 2012 (Dkt. #2-2); Order, February 12, 2013 (Dkt. #32). On

August 24, 2012, Cahill filed a Motion to Stay Pending Arbitration pursuant to an arbitration provision in his agreements with LegalShield. (Dkt. #13). That Motion was granted, along with the preliminary injunction, on February 12, 2013. Order (Dkt. #32).

LegalShield immediately commenced arbitration with the American Arbitration Association ("AAA") seeking damages in excess of $1 million. Cahill filed a counterclaim in arbitration for $999,999. Three arbitrators were appointed and the AAA sought an arbitrator expense deposit from each party of $30,000. LegalShield paid its deposit. Cahill did not. Though he is the one who demanded arbitration and though he boasted continuously on Facebook of his $20,000/month income and other luxuries, Cahill said he could not pay the fee. He offered no proof and sought no accommodation from the arbitrators. Based on the non-payment, the arbitrators first suspended and then, on July 10, 2013, terminated the arbitration.

On July 16, 2013, LegalShield moved this Court to lift the original stay – entered in February 2013 – and enter a scheduling order; Cahill resisted. *See* Motion to Lift Stay, July 16, 2013 (Dkt. #33). Thereafter, noting the termination of the arbitration proceedings and reviewing substantial evidence of Cahill's failure to pay his share of the fees, Magistrate Judge Steven Shreder recommended that the stay be lifted. *See* Report and Recommendation, March 31, 2014 (Dkt. #45). This Court agreed and the stay was lifted on April 16, 2014. *See* Order, April 16, 2014 (Dkt. #47). Cahill appealed.

On May 26, 2015, the Tenth Circuit affirmed this Court's decision to lift the stay. *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015). Cahill petitioned for rehearing or rehearing en banc on June 8, 2015. *See* Petition for Rehearing or Rehearing En Banc, *Cahill*, No. 14-7032 (10th Cir. June 8, 2015). The Tenth Circuit denied his request ten days later on June 18, 2015. *See* Order, *Cahill*, No. 14-7032 (10th Cir. June 18, 2015).

**Cahill then moved the Tenth Circuit for stay of mandate pending petition for certiorari on June 22, 2015.** *See* Motion to Stay Mandate Pending Petition for Certiorari, *Cahill*, No. 14-7032 (10th Cir. June 22, 2015). LegalShield filed a response in opposition on June 30, 2015, arguing Cahill failed to establish the criteria required to warrant a stay, including the required showing that the case poses a "substantial possibility" that the U.S. Supreme Court would grant certiorari. *See* Response in Opposition to Appellant's Motion to Stay Mandate Pending Petition for Certiorari, *Cahill*, No. 14-7032 (10th Cir. June 30, 2015). **The Circuit Court denied Cahill's motion to stay on July 1, 2015, and mandate issued the same date.** *See* Order, *Cahill*, No. 14-7032 (10th Cir. July 1, 2015), attached hereto as Ex. 1.

On August 13, 2015, the parties met for a status and scheduling conference and the Court entered a Scheduling Order. Since that time, the parties have, after three years of obstruction by Cahill, commenced discovery. On September 15, 2015, Cahill, as signaled by his request for a stay in the Tenth Circuit, filed a Petition for Certiorari with the United States Supreme Court. (Dkt. #90). This Court thereafter *sua sponte* entered the stay that LegalShield herein requests be lifted. *See* Minute Order, September 30, 2015 (Dkt. #92).

The September 30 stay exceeds the authority of the Court under governing statutes and interpreting law. Only the Tenth Circuit or the U.S. Supreme Court may enter a stay of a Tenth Circuit judgment. The Tenth Circuit affirmatively denied a stay and no request was made to the Supreme Court. Thus, no stay was permissible, and it should be lifted. Certainly the stay was contrary to the intent of the Tenth Circuit when it denied Cahill's request for a stay and remanded the case to this Court to, finally, proceed.

## ARGUMENT AND AUTHORITIES

**I.    AUTHORITY TO STAY THE CASE LIES EXCLUSIVELY WITH THE TENTH CIRCUIT OR U.S. SUPREME COURT**

By its plain language, 28 U.S.C. § 2101(f) confers authority, which is discretionary, only upon the appellate court or U.S. Supreme Court to stay the appellate court's final judgment pending Supreme Court review of a petition for certiorari:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree *may* be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay *may* be granted *by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court* . . . .

28 U.S.C. § 2101(f) (2012) (emphasis added).  As summarized by the district court in *United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005), "a district court has no jurisdiction to stay a circuit court's mandate . . . to await the outcome of a *certiorari* petition seeking review of the circuit court's decision, as this authority belongs exclusively to the circuit court or to a justice of the Supreme Court."  The courts are in uniform agreement. *See In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (finding that only a judge of the circuit court or U.S. Supreme Court can stay the execution or enforcement of the circuit court's judgment); *DCR Fund I, L.L.C. v. Tal Techs., Inc.*, No. CIV-03-772-L, 2008 WL 2004170, at *2 (W.D. Okla. May 7, 2008) (same); *Brinkman v. Dep't of Corrections of State of Kan.*, 857 F. Supp. 775, 776 (D. Kan. 1994) (same); *Hi-Lex Controls, Inc. v. Blue Cross & Blue Shield of Mich.*, No. 11-12557, 2014 WL 3928451, at *4 (E.D. Mich. Aug. 12, 2014) (same); *Ventas, Inc. v. HCP, Inc.*, No. 07-CV-238-H, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011) (same); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990) (same); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 80 (S.D.N.Y. 1983) (same); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566, 569

(E.D. Pa. 2011) (same); *Hovater v. Equifax Servs., Inc.*, 669 F. Supp. 392, 393 (N.D. Ala. 1987); *see also L'Ggrke v. Asset Plus Corp.*, No. 12-CV-596-JED-TLW, 2015 WL 3892686, at *2 (N.D. Okla. June 24, 2015) (noting that the court denied plaintiff's motion to stay proceedings pending outcome of her petition for writ of certiorari as outside the court's power and directed plaintiff to "focus her efforts on litigating th[e] case to conclusion and cease her dilatory tactics").

The Tenth Circuit has issued its judgment affirming this Court's decision to lift the stay and enter a scheduling order, which is the subject of Cahill's petition for writ of certiorari. *Cahill*, 786 F.3d 1287; Judgment, *Cahill*, No. 14-7032 (May 26, 2015). Thus, only the Tenth Circuit or the U.S. Supreme Court has power to stay the case under § 2101(f). Cahill's request for stay in the Tenth Circuit was denied, and he did not seek a stay in the U.S. Supreme Court.[1] Therefore, this Court's stay of September 30, 2015 exceeded its authority and should be lifted.

## II.    STAY IS CONTRARY TO THE SPIRIT OF THE MANDATE RULE

Because Cahill has sought and failed to obtain a stay of the Tenth Circuit's mandate pending petition for certiorari, this Court's stay is inconsistent with the Tenth Circuit's mandate remanding the case for further proceedings. *Lentz*, 352 F. Supp. 2d at 727. Consistent "with the 'mandate rule,' there is no authority to issue a stay or a continuance pending resolution of a party's *certiorari* petition where, as here, the party has already unsuccessfully sought a stay of the circuit court's mandate on the same ground." *Id.* at 725.

It is clear that when a case has been remanded by an appellate court, the trial court is bound to proceed in accordance with the mandate and law of the case as established by the

---

[1] An applicant for a stay who has been denied a stay in the circuit court faces "an especially heavy burden" before the Supreme Court. *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319, 1320 (1994).

higher court. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided, . . . so avoiding both a wasteful expenditure of resources by courts and litigating parties and the gradual undermining of confidence in the judiciary . . . ." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000) (internal quotations and citations omitted).

The issuance of a stay of mandate pending a petition for certiorari is not automatic. The applicant for a stay must establish, among other requirements, that there is a "substantial possibility" that the Supreme Court will grant certiorari. 10th Cir. R. 41.1(B).

Cahill made his motion to stay pending certiorari to the Tenth Circuit which considered his arguments for a stay and rejected them. *See* Order, Ex. 1 hereto. Therefore, this Court's stay has permitted Cahill to obtain in the district court what the Tenth Circuit explicitly refused. The stay has the practical effect of reversing a decision of the Tenth Circuit, which falls plainly within the proscriptions of the mandate rule. While a district court certainly has discretion to manage its docket, it may do so only to the extent that its exercise is consistent with the circuit court's mandate. *Lentz*, 352 F. Supp. 2d at 728. The stay entered here is not consistent with mandate and is specifically inconsistent with the Tenth Circuit's denial of Cahill's Motion for Stay. *See id.*

## RULE 7.1 CERTIFICATION

Counsel for LegalShield certifies that they have met and conferred in good faith with counsel for Defendant, and after a sincere attempt to resolve differences regarding LegalShield's request to lift the stay entered on September 30, 2015, the parties were unable to reach accord.

## CONCLUSION

Because this Court lacks authority under 28 U.S.C. § 2101(f) to enter a stay pending outcome of Defendant's petition for writ of certiorari and because such stay is contrary to the Tenth Circuit's mandate, the stay entered on September 30, 2015 should be lifted.

Respectfully submitted,

s/ Timila S. Rother
Brooke S. Murphy, OBA #6524
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142

– Of the Firm –

**CROWE & DUNLEVY**
A Professional Corporation
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
brooke.murphy@crowedunlevy.com
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT
PRE-PAID LEGAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2015, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

**Gary E. Smith:** gespc1@yahoo.com

**Jay P. Walters:** jwalters@gablelaw.com

**Graydon Dean Luthey, Jr.:** dluthey@gablelaw.com

**Adam C. Doverspike:** adoverspike@gablelaw.com

**Ron Wright:** ron@wsfw-ok.com

s/ Timila S. Rother
Timila S. Rother