IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., | ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) Case No. CIV-12-346-JHP |
| TODD CAHILL, | ) ) ) |
| Defendant/Counterclaimant. | ) ) ) |

**PLAINTIFF/COUNTERCLAIM DEFENDANT PRE-PAID LEGAL SERVICES, INC.'S UNOPPOSED MOTION TO CONTINUE SETTLEMENT CONFERENCE AND RELATED DEADLINES**

Plaintiff/Counterclaim Defendant Pre-Paid Legal Services, Inc., now known as LegalShield ("LegalShield"), moves the Court to continue the Settlement Conference scheduled for March 30, 2016 and related deadlines. In Support of this Unopposed Motion, LegalShield states as follows:

1. On August 19, 2015, the Court entered an Order referring this case for a Settlement Conference before Magistrate Judge Kim West on March 30, 2016 at 9:30 a.m. In accordance with the Order, LegalShield must tender a written settlement offer to Defendant Todd Cahill and Magistrate West on March 2, 2016, and Cahill must submit a written response to the settlement offer by March 9, 2016. Both parties are required to submit a Settlement Conference statement no later than March 16, 2016.

2. Discovery has stalled due to a dispute between the parties concerning term searching of electronically stored information, and this dispute is pending with the Court. LegalShield sues Cahill for misappropriation of trade secrets and solicitation of its sales associates to a competing network marketing company. There is no dispute that the most

probative evidence in this case is contained in the data from Cahill's electronic devices and social media sites. Relationship marketers conduct business mainly via email, phone, text message, or social media, including private messaging. As evidenced by discovery obtained in collateral litigation, Cahill relied heavily on those means for his recruiting efforts. Indeed, Cahill responded to the majority of LegalShield's discovery requests by referring to the information to be collected from his devices and social media accounts.

3. At the outset of this lawsuit three years ago, this Court ordered Cahill to preserve the data on his devices. The parties thereafter entered into an Electronic Discovery Protocol for the imaging and term searching of Cahill's computers, iPads, cell phones, and email, and social media accounts. The electronic devices of Cahill that were still available for copying have been imaged by a neutral vendor, and the data is held there, but the copied data has not been searched for relevant information. Pursuant to the parties' Electronic Discovery Protocol, LegalShield submitted proposed search terms to counsel for Defendant on September 23, 2015. Cahill objected to every proposed term, with the scope of the objections varying by terms. When the parties could not reach an agreement regarding the search terms, LegalShield filed a Motion to Compel Term Searching of Electronically Stored Information and Brief in Support (Dkt. #99) on November 18, 2015. Cahill responded on December 2, 2015, and LegalShield filed a Reply in support of the Motion on December 16, 2015. Thus, the Motion is fully briefed and ripe for decision but has not yet been decided.

4. That electronic discovery is the foundation of all of LegalShield's other discovery in this case, including depositions as LegalShield cannot meaningfully depose Defendant without the data and likewise cannot ascertain the other witnesses whose depositions will be necessary.

Thus, while the parties have exchanged written discovery, and LegalShield has produced some documents, very little other discovery has been able to proceed.

5. Besides the anticipated impact of the evidence to be obtained from term searching on liability issues, it has a substantial impact on LegalShield's damage claims and thus on any settlement discussions. LegalShield cannot calculate and evaluate its damages in the absence of the relevant data from Cahill's electronic devices and social media sites, as the information is necessary to determine the number of associates LegalShield will urge were solicited by Cahill as well as the scope of the trade secret misappropriation. Until the Court rules on LegalShield's Motion to Compel, Cahill's electronic devices are searched, and LegalShield obtains the electronically stored information crucial to its case, LegalShield cannot make an informed settlement offer or engage in meaningful settlement discussions.

6. Due to the status of discovery, LegalShield believes that many of the deadlines set forth in the Scheduling Order entered on August 13, 2015 are no longer feasible, and LegalShield anticipates filing a request that the Court enter a new scheduling order extending all deadlines. Thus, LegalShield asks that the Court reset the Settlement Conference and related deadlines to coincide with a new scheduling order, if entered.

7. LegalShield has conferred with counsel for Cahill and has been advised that Cahill does not object to a continuance of the settlement conference and related deadlines.

8. LegalShield has not previously requested a continuance of the Settlement Conference in this matter.

9. This request is not made for delay or dilatory purposes, nor does counsel believe that prejudice will result therefrom or that other deadlines in this action will be adversely affected.

10. A proposed form of Order is submitted herewith.

WHEREFORE, Plaintiff Pre-Paid Legal Services, Inc. moves the Court to continue the Settlement Conference scheduled for March 30, 2016 and all related deadlines, to a date to be determined after the Court has considered a rescheduling of all deadlines in the case.

Respectfully submitted,

/s Timila S. Rother
Brooke S. Murphy, OBA #6524
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142

– Of the Firm –

**CROWE & DUNLEVY**
A Professional Corporation
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
brooke.murphy@crowedunlevy.com
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT
PRE-PAID LEGAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2016, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

**Gary E. Smith:** gespc1@yahoo.com

**Jay P. Walters:** jwalters@gablelaw.com

**Graydon Dean Luthey, Jr.:** dluthey@gablelaw.com

**Adam C. Doverspike:** adoverspike@gablelaw.com

**Ron Wright:** ron@wsfw-ok.com

                                                  s/ Timila S. Rother
                                                  Timila S. Rother