IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>v. )<br>)<br>TODD CAHILL, )<br>)<br>Defendant/Counterclaimant. )<br>) | Case No. CIV-12-346-JHP |

**PLAINTIFF/COUNTERCLAIM DEFENDANT PRE-PAID LEGAL SERVICES, INC.'S
UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND
<u>SCHEDULING ORDER DEADLINES</u>**

Plaintiff/Counterclaim Defendant Pre-Paid Legal Services, Inc., now known as LegalShield ("LegalShield"), respectfully requests that the Court enter an Order continuing the trial of this matter and extending all pretrial deadlines set forth in the Scheduling Order entered on August 13, 2015, as well as all deadlines established by Rule. In Support of this Unopposed Motion, LegalShield states as follows:

1. The current deadlines are set by the Court's Scheduling Order filed August 13, 2015 (Dkt. #84). Notably, dispositive motions are due April 1, 2016, discovery cutoff is June 3, 2016, and trial is scheduled to begin August 2, 2016.

2. Discovery has stalled due to a dispute between the parties concerning term searching of electronically stored information, and this dispute is pending with the Court. LegalShield sues Defendant, Todd Cahill ("Cahill"), for misappropriation of trade secrets and solicitation of its sales associates to a competing network marketing company. There is no dispute that the most probative evidence in this case is contained in the data from Cahill's electronic devices and social media sites. Relationship marketers conduct business mainly via

email, phone, text message, or social media, including private messaging. As evidenced by discovery obtained in collateral litigation, Cahill relied heavily on those means for his recruiting efforts. Indeed, Cahill responded to the majority of LegalShield's discovery requests by referring to the information to be collected from his devices and social media accounts.

3. At the outset of this lawsuit three years ago, this Court ordered Cahill to preserve the data on his devices. The parties thereafter entered into an Electronic Discovery Protocol for the imaging and term searching of Cahill's computers, iPads, cell phones, email, and social media accounts. The electronic devices of Cahill that were still available for copying have been imaged by a neutral vendor, and the data is held there, but the copied data has not been searched for relevant information. Pursuant to the parties' Electronic Discovery Protocol, LegalShield submitted proposed search terms to counsel for Defendant on September 23, 2015. Cahill objected to every proposed term, with the scope of the objections varying by terms. When the parties could not reach an agreement regarding the search terms, LegalShield filed a Motion to Compel Term Searching of Electronically Stored Information and Brief in Support (Dkt. #99) on November 18, 2015. Cahill responded on December 2, 2015, and LegalShield filed a Reply in support of the Motion on December 16, 2015. Thus, the Motion is fully briefed and ripe for decision.

4. That electronic discovery is the foundation of all of LegalShield's other discovery in this case, including depositions as LegalShield cannot meaningfully depose Defendant without the data and likewise cannot ascertain the other witnesses whose depositions will be necessary. Thus, while the parties have exchanged written discovery, and LegalShield has produced some documents, very little other discovery has been able to proceed. Once a ruling is made on

LegalShield's Motion to Compel, it will take the parties time to review the, what is anticipated to be substantial, data and frame a discovery plan based upon the evidence generated.

5. Due to the status of discovery, LegalShield believes that the deadlines set forth in the current Scheduling Order are no longer feasible. Therefore, LegalShield asks that the Court strike all remaining deadlines and enter a new scheduling order extending all deadlines and continuing the trial once a ruling on LegalShield's Motion to Compel is made.

6. LegalShield has conferred with counsel for Cahill and has been advised that Cahill does not object to a continuance of the trial and extension of pretrial deadlines.

7. LegalShield has not previously requested an extension of these deadlines.

8. The extensions requested will affect the entire schedule set by the Court's Scheduling Order (Dkt. #84).

9. This request is not made for delay or dilatory purposes.

WHEREFORE, Plaintiff Pre-Paid Legal Services, Inc. requests that the Court strike all remaining deadlines in the existing Scheduling Order and enter a new scheduling order extending all deadlines and continuing the trial once a ruling on LegalShield's Motion to Compel is made or as otherwise deemed appropriate by the Court. A proposed Order is submitted herewith.

Respectfully submitted,

/s Timila S. Rother
Brooke S. Murphy, OBA #6524
Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142

– Of the Firm –

**CROWE & DUNLEVY**

A Professional Corporation
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
brooke.murphy@crowedunlevy.com
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT
PRE-PAID LEGAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2016, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

**Gary E. Smith:** gespc1@yahoo.com

**Jay P. Walters:** jwalters@gablelaw.com

**Graydon Dean Luthey, Jr.:** dluthey@gablelaw.com

**Adam C. Doverspike:** adoverspike@gablelaw.com

**Ron Wright:** ron@wsfw-ok.com

s/ Timila S. Rother
Timila S. Rother

3010168

4