# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRE-PAID LEGAL SERVICES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 12-CV-346-JHP |
| TODD CAHILL | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dissolve Preliminary Injunction (Doc. No. 103). After consideration of the briefs, and for the reasons stated below, Defendant's Motion is **DENIED**.

## BACKGROUND

Plaintiff Pre-Paid Legal Services, Inc., now known as LegalShield,[1] sought a preliminary injunction against Defendant Todd Cahill on August 17, 2012. The Court referred the motion to Magistrate Judge Steven Shreder. On January 22, 2013, Magistrate Shreder issued a Report and Recommendation ("R&R"), which recommended that a preliminary injunction should issue barring Cahill "from initiating contact with [LegalShield] sales associates in an effort to solicit them to join Nerium." (Doc. No. 31, at 15). The recommendation was based on LegalShield's claim that Cahill breached his non-solicitation agreement with LegalShield. This Court affirmed and adopted the R&R on February 12, 2013. (Doc. No. 32).

The preliminary injunction currently has no expiration date. However, Cahill's non-solicitation agreement with LegalShield was effective only for two years after Cahill left LegalShield. Accordingly, Cahill complains that the preliminary injunction has barred him from

---
[1] For ease of reference, the Court will use the name "LegalShield" to refer to Plaintiff throughout this Opinion and Order.

1

initiating contact with LegalShield sales associates for much longer than the contractually agreed two-year period. Cahill asks the Court to dissolve the preliminary injunction. LegalShield opposes Cahill's request. (Doc. No. 107).

**DISCUSSION**

"The main purpose of a preliminary injunction is simply to preserve the status quo pending the outcome of the case." *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). A preliminary injunction allows the court to preserve its power "to render a meaningful decision on the merits." *Id.* Cahill argues the preliminary injunction no longer preserves the status quo, because Cahill's agreement with LegalShield barred him from soliciting LegalShield associates for only two years after leaving LegalShield. Because the preliminary injunction has been effective for more than two years, Cahill argues, the injunction is now providing LegalShield with more anti-competitive advantages than it bargained for. Cahill further argues the injunction is especially harmful because it inhibits his free speech and impairs the ability of LegalShield sales associates to learn about opportunities at other companies.

In response, LegalShield argues it has never received the benefit of the contractual non-solicitation clause or the preliminary injunction, because Cahill has continued to disregard both the clause and the injunction by contacting and raiding LegalShield's sales force. LegalShield asserts lifting the injunction would only reward Cahill for his bad conduct and would deny LegalShield the benefit of the injunction. In support, LegalShield lists numerous alleged violations of the preliminary injunction that occurred throughout 2013.

Judicial intervention to modify or dissolve an injunction is necessary only where "new circumstances 'threaten to convert a previously proper injunction into an instrument of wrong.'" *Rossi Ventures, Inc. v. Pasquini*, 2013 WL 359998, at *1 n.2 (D. Colo. Jan. 30, 2013) (quoting *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012)). To obtain modification or dissolution of an injunction, "'a movant must demonstrate significant changes in fact, law, or circumstances since the previous ruling.'" *Id.* (quoting *Gooch*, 672 F.3d at 414). LegalShield argues Cahill has not met this burden, because no significant change has occurred to warrant the lifting of the preliminary injunction.

The Court agrees with LegalShield that Cahill has not established any change of fact, law, or circumstance since the preliminary injunction was entered on February 12, 2013. Accordingly, dissolution of the injunction is not necessary at this time. *See In re Integrated Health Servs., Inc.*, 2002 WL 1000155, at *2 (D. Del. Apr. 12, 2002) (denying motion to dissolve preliminary injunction enjoining defendant from contacting or soliciting plaintiff's customers, despite passage of time, because defendant failed to establish changed circumstances to warrant discontinuation of injunction).

Cahill's argument, that LegalShield has already received the benefit of the two-year non-solicitation clause, has already been rejected by this Court in another case involving LegalShield. *See Pre-Paid Legal Servs., Inc. v. Harrell*, 2008 WL 111319, at *14 (E.D. Okla. Jan. 8, 2008). In *Harrell*, which involved breach of a non-solicitation clause with a three-year term, this Court concluded LegalShield was entitled to three years of prospective injunctive relief to bar the defendants' solicitation of LegalShield associates, beginning from the date of judgment. *Id.* In reaching this conclusion, this Court noted,

> The [defendants] should not be able to benefit from their breaches of these non-solicitation provisions by forcing [LegalShield] to seek injunctive relief through

> litigation that has extended beyond the three-year periods. The non-solicitation provisions are not necessarily moot merely because the three-year non-solicitation periods have now expired. A finding of mootness would reward the [defendants'] breach of the non-solicitation provisions.

*Id.* Here, based on the evidence submitted by LegalShield, the Court concludes there is a serious risk that LegalShield will never obtain the benefit of the two-year non-solicitation clause if the preliminary injunction is lifted. LegalShield has submitted evidence that strongly suggests Cahill violated the preliminary injunction at least once since the Court adopted the R&R on February 12, 2013. (*See, e.g.*, Doc. No. 107-9). In addition, LegalShield asserts it will continue to suffer irreparable harm if Cahill is permitted to solicit LegalShield associates to another marketing company. As LegalShield points out, Cahill may recruit sales associates for his own company from any other pool of candidates, which diminishes his argument that the injunction unduly hinders his freedom of speech and of competition in the marketplace.

Finally, the Court finds no merit in Cahill's argument that the preliminary injunction was never meant to last longer than two years. Cahill points to the R&R, which states, "The preliminary injunction should be valid until the issues can be presented to the arbitrators for consideration." (Doc. No. 31, at 21). Cahill interprets this language to mean that the Court anticipated the arbitrators would address the issues involved in the injunction within the two years. Even if that is so, the Court did not order an expiration date for the preliminary injunction, and it declines to set an expiration date at this time. If Cahill is disturbed by the protracted litigation in this case, it is largely the result of his own efforts. Cahill sought to stay this litigation pending arbitration on August 24, 2012, which this Court granted on February 12, 2013. (*See* Doc. Nos. 13, 32). Cahill then failed to pay his share of the arbitration fees, resulting in termination of the arbitration proceedings. (*See* Doc. Nos. 33, 45). LegalShield then moved to lift the stay in this case, which Cahill opposed. (*See* Doc. No. 47). After this Court lifted the

4

stay of proceedings, Cahill appealed the order lifting the stay to the Tenth Circuit, and on May 26, 2015, the Tenth Circuit affirmed the Court's order. (Doc. No. 71). On July 22, 2015, the Court lifted the stay. (Doc. No. 74). Therefore, Cahill's own actions in delaying resolution of this case have led to the preliminary injunction extending longer than two years.

The Court does not identify any changed circumstances that would warrant a lifting of the preliminary injunction. Although Cahill argues monetary damages would be a sufficient remedy for any violations of the non-solicitation provision, Magistrate Shreder found irreparable harm would ensue if the injunction did not issue, and the Court does not find any basis for a different conclusion today.

## CONCLUSION

For the reasons detailed above, Defendant Cahill's Motion to Dissolve Preliminary Injunction (Doc. No. 103) is **DENIED.**

**IT IS SO ORDERED** this 19th day of September, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma